IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARLA ULERY,                         )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   Civil Action No. 23-110
                                     )
MARTIN O'MALLEY,[1]                  )
*Commissioner of Social Security*,   )
                                     )
            Defendant.               )

**O R D E R**

AND NOW, this 28th day of March, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12) filed in the above-captioned matter on June 26, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on May 25, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I.    **Background**

Plaintiff Carla Ulery protectively filed a claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, effective September 4, 2020,

---

[1]    Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

claiming that she became disabled on April 2, 2020, due to chronic migraines, occipital neuralgia, bilateral occipital neuralgia, and cervical musculoskeletal pain.  (R. 80, 242-43, 320).  After being denied initially on November 17, 2020, and upon reconsideration on April 1, 2021, Plaintiff sought, and obtained, a telephonic hearing before an Administrative Law Judge ("ALJ") on October 27, 2021.  (R. 80, 156-59, 162-71, 172-73, 92-116).  In a decision dated February 1, 2022, the ALJ denied Plaintiff's request for benefits.  (R. 80-87).  The Appeals Council declined to review the ALJ's decision on December 23, 2022.  (R. 1-3).  Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.    <u>Standard of Review</u>

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).  If the district court finds this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.*  So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06.  Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at § 404.1520(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  *See id.* at § 404.1520(a)(4)(v).  In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience.  *See id.*  The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  *See id.* at § 404.1523.

III.   <u>The ALJ's Decision</u>

In her February 1, 2022 decision, the ALJ found that Plaintiff met the insured requirements of the Act through December 31, 2024.  (R. 82).  She then proceeded to apply the sequential evaluation process, finding that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of April 2, 2020.  (*Id.*).  The ALJ also found that Plaintiff met the second requirement of the process insofar as she had the severe impairments of migraines, bilateral occipital neuralgia, back disorder, and myalgia, although she found that Plaintiff's anxiety did not qualify as a severe impairment.  (R. 83).  The ALJ concluded that none of Plaintiff's impairments met any of the listings that would satisfy Step Three.  In so finding, she indicated that she considered the listings under Section 1.00 for musculoskeletal disorders and Section 11.00 for neurological disorders, and specifically that she had considered Plaintiff's headaches pursuant to Social Security Ruling 19-4p, 2019 WL 4169635 (S.S.A. Aug. 26, 2019). (*Id.*).

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(6) except that she required a moderate noise intensity level as defined by the Dictionary of Occupational Titles.  (R. 83).  At Step Four of the process, the ALJ used a vocational expert ("VE") to determine whether Plaintiff was able to perform her past relevant

work as a probation/parole officer.  (R. 86).  The VE testified that, based on Plaintiff's age, education, work experience, and RFC, she could perform this job as it is generally performed.  (R. 86-87).  Accordingly, the ALJ found that Plaintiff was not disabled.  (R. 87).

## IV.   <u>Legal Analysis</u>

Plaintiff raises a number of arguments as to why she believes the ALJ's decision is not supported by substantial evidence.  While the Court does not necessarily agree with all the contentions raised by Plaintiff, it does agree with her on at least one point – that the ALJ failed to explain the basis for her RFC findings in light of the symptoms from Plaintiff's impairments, particularly her headaches.  Accordingly, the Court will remand for further consideration and discussion.

As discussed above, the RFC formulated by the ALJ contained relatively few restrictions beyond the limitation to light work.  In fact, the only other restriction in the RFC was that Plaintiff required a moderate noise intensity level (R. 83), which the ALJ specifically included "based on the claimant's testimony that her headaches are triggered and/or exacerbated by noise."  (R. 86).  Plaintiff asserts that this single limitation was insufficient to address the symptoms of her migraines and that she testified to other symptoms just as well documented in the record as her sensitivity to sound (phonophobia).  The Court agrees.

In formulating a claimant's RFC, the ALJ must consider all relevant evidence and include "a clear and satisfactory explication of the basis on which [the RFC] rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704).  "'[A]n examiner's findings should be as comprehensive and analytical as feasible, and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'"  *Id.* (quoting *Cotter*, 642 F.2d at 705).  *See also* S.S.R. 96-

8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").  Here, the ALJ failed to provide a clear and satisfactory explanation as to why the RFC accounted for Plaintiff's sensitivity to sound, but not the other symptoms of her migraine headaches.

As the ALJ acknowledged, Plaintiff testified to a number of ways in which she was impacted by her headaches, including – in addition to phonophobia – sensitivity to light (photophobia), sensitivity to smells (osmophobia), nausea, including the need for unscheduled bathroom breaks, and difficulty speaking.  (R. 84, 107-08).  Like Plaintiff's sensitivity to noise, these other symptoms were reflected throughout the medical record.  (*See, e.g.,* R. 416, 430, 511, 787, 811, 817, 854).  Yet while the ALJ included a restriction in the RFC to account for Plaintiff's phonophobia, she included none regarding these other symptoms nor explained why she declined to do so.  It is true that she did not find Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms to be entirely consistent with the record (R. 85), but she in no way explained why Plaintiff's claims regarding her sensitivity to sound were supported while the others were not.

It is well-established that, in making her findings, an ALJ must consider all the evidence and "give some indication of the evidence which [she] rejects and [her] reason(s) for discounting such evidence."  *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Plummer*, 186 F.3d at 429).  "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"  *Id.* (quoting *Cotter,* 642 F.2d at 705).  Here, although the ALJ discounted Plaintiff's subjective testimony generally, she did not explain why she apparently credited one part of that testimony

and discounted other parts.  Again, Plaintiff testified to several symptoms from her migraines, of which phonophobia was just one, and all of her complaints are as much reflected in her medical records as were her sensitivity to sound.  It is therefore unclear why the ALJ expressly included a restriction in the RFC pertaining to noise levels, but neither included restrictions accommodating any of Plaintiff's other alleged symptoms nor explained why she decline to do so.  The Court therefore cannot determine whether the ALJ rejected this evidence, and if so on what basis, or whether she simply overlooked it.  *See Haut v. Colvin*, No. 15-511, 2016 WL 3962020, at *11 (W.D. Pa. July 19, 2016) ("Where the ALJ fails to make mention of significant findings, the reviewing court cannot determine whether he considered and rejected them, considered and discounted them, or failed to consider them at all.") (citing *Fargnoli*, 247 F.3d at 40 n.5).

This is particular significant in this case given that the primary impairment is Plaintiff's migraines.  Pursuant to S.S.R. 19-4p:  "We consider the extent to which the person's impairment-related symptoms are consistent with the evidence in the record.  For example, symptoms of a primary headache disorder, such as photophobia, may cause a person to have difficulty sustaining attention and concentration.  Consistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC."  Here, the ALJ appears to have acknowledged the consistency between Plaintiff's reported phonophobia and the objective evidence but did not address the issue in regard to Plaintiff's other alleged symptoms, all of which are commonly associated with migraine headaches.

Remand is needed for a more thorough consideration and discussion of this issue.  Further, the record will likely need to be expanded to allow for a finding whether any additional RFC limitations would impact Plaintiff's ability to perform her past relevant work.  Nonetheless, because it is the need for additional explanation by the ALJ that necessitates a remand in this

case, the record does not permit the Court to reverse and remand the case for an award of

benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).[2]

**V.**     <u>**Conclusion**</u>

In short, the record does not permit the Court to determine whether the ALJ's decision

that Plaintiff retains the functional capacity to perform her past relevant work is supported by

substantial evidence, and, accordingly, the Court finds that substantial evidence does not support

the ALJ's decision in this case.  The Court hereby remands the case to the Commissioner for

reconsideration consistent with this Order.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:         Counsel of record

---

[2]     Because the Court is remanding on this issue, it need not address Plaintiff's other arguments.  However, the ALJ should address these issues as necessary on remand to ensure a proper decision.